GREAT LAKES REALTY CORPORATION *v.* PETERS.

1. APPEAL AND ERROR—LEAVE TO APPEAL—INTERLOCUTORY ORDER—
RES JUDICATA.
    The denial of leave to appeal from an interlocutory order does
    not foreclose the litigants from ultimate review . of the in-
    terlocutory order on appeal in the principal case.

2. SAME—DENIAL OF LEAVE TO APPEAL.
    The denial of an application for leave to appeal is ordinarily
    an act of judicial discretion equivalent to the denial of cer-
    tiorari and is not the equivalent of an affirmation of the
    decree sought to be reviewed.

3. SAME—LEAVE TO APPEAL—OBJECTION—SERVICE OF CLAIM OF AP-
PEAL ON APPELLEE.
    Appellee's objection that appellant failed to serve a copy of
    its claim of appeal upon appellee as required by court rule,
    while properly usable as the basis for a motion to dismiss
    an appeal for which leave was required but not granted, came
    too late when made for the first time in its brief on appeal
    (Court Rule No 58 [1945]).

4. JUDGMENT—INSANE PERSONS—GUARDIAN AD LITEM.
    Judgment of restitution by circuit court commissioner against
    defendants was voidable, where it is assumed they were mentally
    incompetent at time judgment was rendered in view of physi-
    cian's uncontradicted testimony as to their incompetency and
    no guardian *ad litem* was appointed as required by statute
    (CL 1948, § 612.30).

5. SAME—INSANE PERSONS—GUARDIAN AD LITEM—COLLATERAL AT-
TACK.
    A judgment against a mentally-incompetent person is not void
    but merely voidable, where no guardian *ad litem* was appointed
    as required by statute for protection of his rights, hence will
    be sustained when collaterally attacked (CL 1948, § 612.30).

6. APPEAL AND ERROR—INSANE PERSONS—GUARDIAN AD LITEM.
    It was not an abuse of discretion on part of circuit judge to
    allow a delayed appeal from judgment of restitution in favor
    of vendor under land contract as to home of purchasers who

REFERENCES FOR POINTS IN HEADNOTES
[4-9] 28 Am Jur, Insane and Other Incompetent Persons § 109.

were mentally incompetent at time summary proceedings were commenced but for whom no guardian *ad litem* had been appointed as required by statute (CL 1948, § 612.30).

7. Same—Delayed Appeal—Neglect of Counsel—Insane Persons.

Neglect of defendants' counsel to take timely appeal from judgment of restitution by circuit court commissioner against mentally-incompetent defendants may not be attributed to the culpable negligence of such defendants, hence, where no guardian *ad litem* was appointed for them, order of circuit court granting delayed appeal from such judgment was not an abuse of discretion, the conduct of the attorneys in such matter being beyond the control of the clients.

8. Same—Delayed Appeal—Insane Persons—Guardian Ad Litem.

The rendition of a judgment against an incompetent person for whom no guardian *ad litem* has been appointed affords a proper basis for granting a motion for delayed appeal.

9. Forcible Entry and Detainer—Proceeding on Appeal in Circuit Court—Confusion in Entitlement of Causes.

Plaintiff in summary proceedings before circuit court commissioner and in whose favor judgment of restitution was rendered against mentally-incompetent defendants for whom a guardian *ad litem* had not been appointed, as required by statute, had the burden of proceeding at the opening of the hearing in the circuit court after delayed appeal had been granted, notwithstanding there had been some confusion in the entitlement of the cause arising from the fact that after the judgment was rendered defendants were plaintiffs in a chancery case whereby it was sought to restrain execution of the writ of restitution but the error was timely corrected by the circuit court (CL 1948, § 612.30; Court Rule No 76, § 19 [1945, as amended in 1949]).

Appeal from Wayne; Murphy (Thomas J.), J. Submitted January 13, 1953. (Docket No. 74, Calendar No. 45,687.) Decided April 13, 1953.

Summary proceeding by Great Lakes Realty Corporation against Tom Peters and wife to gain possession of real estate. On delayed appeal in the circuit court, judgment was for the plaintiff. Plain-

tiff Great Lakes Realty Corporation appeals. Affirmed.

*Robert D. Anspach* and *Julius C. Pliskow,* for plaintiff.

*Chester Smith,* for defendants.

ADAMS, J. In 1943, Tom and Monie Peters purchased a home on land contract in the city of Detroit for $3,000. In 1950, they failed to make contract payments and the Great Lakes Realty Corporation, owner of the fee and vendor, elected to forfeit the contract. Required notices were served and summary proceedings commenced in the circuit court commissioner's court.

On the return day, November 13, 1950, defendants personally appeared in court and upon a finding that there was $673.90 due to the Great Lakes Realty Corporation, a judgment was entered in favor of the vendor. On February 15, 1951, a writ of restitution issued on the judgment. Five days later on February 20th, the Peters filed a bill of complaint in the Wayne county circuit court praying that the writ of restitution be set aside and that they be permitted to redeem from the forfeiture. Contemporaneously with the commencement of the chancery action, Peters deposited with the clerk of the court $1,214.03, the estimated entire balance due on the contract and a temporary injunction restraining execution of the writ of restitution issued. Later, after hearing, a decree was entered and then set aside on motion. On January 30, 1952, the chancery action was dismissed by stipulation.

In the meantime and prior to the dismissal of the chancery action, it was brought to the attention of the court through the testimony of a medical doctor that Tom Peters had been mentally incompetent, in

the doctor's opinion, since 1947 and that Monie Peters was incapable of understanding legal proceedings. Tom Peters died on October 28, 1951. Upon being informed of their mental condition, the circuit judge promptly appointed Chester Smith as next friend for Monie Peters, and on November 20, 1951, Chester Smith, as next friend of Monie Peters, survivor of herself and Tom Peters, moved for authorization to take a delayed appeal from the judgment of the circuit court commissioner. On January 18, 1952, an order was entered in the Wayne county circuit court granting leave to appeal.

The Great Lakes Realty Corporation then petitioned this Court for leave to appeal from the order of the circuit judge granting delayed leave to appeal, which application was denied on March 7th. On June 10, 1952, the appeal from the circuit court commissioner was heard by the circuit court and judgment again entered in favor of the vendor, the court finding that the entire balance due on the contract amounted to $1,356.63. From that judgment the Great Lakes Realty Corporation takes this appeal.

Monie Peters, by her next friend, takes the position that this appeal should not be considered by this Court, her reasoning being twofold. First, because the application to this Court of the Great Lakes Realty Corporation for leave to appeal from the order of the circuit court granting a delayed appeal was denied and that, therefore, the propriety of that order has been passed upon and has become *res judicata*. Such is not the case.

"We do not construe the denial of an application for leave to appeal as foreclosing litigants from ultimate review of interlocutory orders on appeal in the principal case. The denial of an application for leave to appeal is ordinarily an act of judicial discretion equivalent to the denial of certiorari. It is held that the denial of the writ of certiorari is not

equivalent of an affirmation of the decree sought to be reviewed. *United States* v. *Carver,* 260 US 482 (43 S Ct 181, 67 L ed 361); *Hamilton-Brown Shoe Co.* v. *Wolf Bros. & Co.,* 240 US 251 (36 S Ct 269, 60 L ed 629)." *Malooly* v. *York Heating & Ventilating Corp.,* 270 Mich 240, 247.

Secondly, she says, and the record supports her statement, that Great Lakes Realty Corporation, appellant, failed to serve a copy of its claim of appeal on appellee as required by section 1, subs (c), Court Rule No 58 (1945). Such failure to follow the rules could very properly have been the basis for a motion to dismiss the appeal. Appellee did not so move. Instead, for the first time, she raises the objection in her brief. She has waited too long.

"Appellee did not make a motion in this Court to dismiss the appeal on the ground that no leave had been granted, and in the absence of such motion the objection comes too late when first raised in the appellee's brief. *Toledo Pipe Organ Co.* v. *Paradise Theatre Co.,* 318 Mich 342; *Steggles* v. *National Discount Corporation,* 326 Mich 44." *Hoekstra* v. *Byker,* 329 Mich 311.

Turning then to the issues raised on appeal, it is the principal contention of the appellant that the circuit judge, in granting delayed leave to appeal from the judgment of the circuit court commissioner, acted illegally and in abuse of the discretion given him by statute and by court rule. The pertinent part of CL 1948, § 678.8 (Stat Ann § 27.3488), reads as follows:

"Appeals may be authorized by the circuit court, * * * after the expiration of 5 days, when the party making the appeal has been prevented from taking the same by circumstances not under his control."

The applicable portion of Court Rule No 76 (1945, as amended in 1949), being section 6, subs (d), reads as follows:

"Sec. 6. The circuit court shall have power to grant leave to appeal in the following cases:   *   *   *

"(d) In all other cases after the expiration of the time herein fixed for appeal and within such further time as may be permitted by law, upon showing, by affidavit or otherwise, that there is merit in appellant's claim of appeal and that the delay was not due to appellant's culpable negligence."

An examination of the record shows the testimony of Dr. Vassal G. Tolbert, a practicing physician in the city of Detroit with 27 years experience in his profession. He first became acquainted with Mr. and Mrs. Peters as patients in 1947. At that time Mr. Peters was suffering from hypertension, advanced heart disease, and extremely high blood pressure. The doctor saw him again in 1951 and found no change in his condition. In this latter year the doctor said his memory was bad and that he was unable to coordinate ideas and motion. It was the doctor's opinion that he was mentally incompetent from 1947 until the time of his death in 1951. As to Mrs. Peters, the doctor testified that she had little education and that she did not appear to understand the nature of legal proceedings. He indicated that her lack of understanding was due, in part, to her age.

Since the doctor's testimony was not contradicted in any way, it must be assumed to be true that both Mr. and Mrs. Peters were mentally incompetent at the time the circuit court commissioner's proceedings were instituted. Such being the case, a guardian *ad litem* should have been appointed to protect their interests as required by CL 1948, § 612.30 (Stat Ann § 27.682).

"After the service of process or declaration, if the suit be commenced by declaration, against a defendant who is an infant, or who is insane or otherwise mentally incompetent, said suit shall be defended by the guardian of the estate of such defendant, if there be one; otherwise such suit shall not be further prosecuted until a guardian *ad litem* for such person shall be appointed in the manner following: If the defendant be an infant more than 14 years of age, he may nominate such guardian *ad litem;* in all other cases the nomination may be made by the next of kin of said defendant, or any other relative or friend, whom said judge or commissioner may deem a proper person to make such nomination, and if said judge or commissioner approve the nomination so made, upon the filing of the written consent of the person proposed as guardian *ad litem,* he shall make such appointment. If such officer shall not approve of such nomination, he shall appoint some other suitable person as such guardian *ad litem.* The person so appointed shall not be liable for the costs of such suit, unless specifically charged by order of the court for some personal misconduct in such cause. If no such nomination is made within 20 days after the service of process or declaration, if the suit be commenced by declaration, the plaintiff may obtain an order from the court in which the proceedings are pending, appointing some suitable person to act as guardian *ad litem* for such person."

Failure of the circuit court commissioner to appoint a guardian *ad litem* upon commencement of the proceedings in his court may not have been his fault because the mental condition of Mr. and Mrs. Peters was not brought to his attention, but certainly their incompetency required such action when it became known. As was said by Chief Justice POTTER in a dissenting opinion in the case of *Cohen* v. *Home Life Insurance Co.,* 273 Mich 469, 481:

"The whole object and purpose of the rule of the common law and of the principles of equity which underlie our statute is to see that the rights of all insane persons are protected by the court; that those are protected by the court who are unable to protect themselves. Of what real force or effect is the service of a chancery summons upon an insane defendant? If we lay aside the fictitious assumption of legal technicalities, the only object and purpose of the service of a summons in any case is to give the defendant notice of the institution of suit against him, and to enable him to appear and defend such suit and thus protect his rights. How can one who is insane, who, in legal contemplation, is, in fact, incapable of protecting himself, be protected when suit is instituted against him?"

Where no guardian *ad litem* has been appointed, this Court has said that a judgment rendered against an incompetent is voidable.

"There can be no doubt from the record that due service of process was had upon the defendant. The judgment was not void because of the failure to appoint a guardian *ad litem*, but voidable merely." *Schimpf* v. *Wayne Circuit Judge*, 129 Mich 103.

But the judgment cannot be attacked collaterally.

"The rule is substantially uniform that such judgments or decrees are not void but merely voidable under circumstances that would render any other judgment or decree voidable, and that they will be sustained when collaterally attacked." 14 RCL, p 615, as quoted with approval in *Cohen* v. *Home Life Insurance Co., supra.*

Incompetent persons are protected by our law because they are deemed to be unaware of the realities of life and unable to sense the significance of these things which may affect them. In the true sense they have no control over their acts because they are un-

able to comprehend them. Such a person, faced with litigation or, as in this case, with a judgment forfeiting a home, should be given all of the protection that the law affords. It cannot be said of the Peters that circumstances, at the time of judgment, were under their control for they did not have the capacity to make a decision. They were prevented from taking an appeal from the judgment of forfeiture by their mental and physical condition, a situation over which they had no control.

Nor should the neglect of counsel to take timely appeal be charged to the Peters, as was said in an opinion upon which this Court divided equally but later referred to with approval in *Carras* v. *Bungalow Sandwich Shoppe Co.,* 257 Mich 467.

"Reliance upon an attorney who neglects to take an appeal seasonably is a circumstance beyond the control of the client, within the meaning of the statute. The time for taking an appeal and the manner of taking it are matters without the knowledge of the lay citizen. He must rely on attorneys to do this work for him. * * * The client has a right to rely on them, and when, without his fault or default, they neglect to appeal from a judgment which he desires to have reviewed, it is a circumstance not under his control, within the meaning of the belated appeal statute. * * *

"An attempted distinction is made between that case [*Capwell* v. *Baxter,* 58 Mich 571] and the case at bar, because there the failure of the attorneys was due to an honest mistake, and here it was plain neglect. We see no distinction. In both instances the action or nonaction of the attorneys was beyond the control of the client." *Frank* v. *Union Trust Co.,* 239 Mich 646.

We are of the opinion that the failure of the 2 incompetents, Tom Peters and Monie Peters, to seasonably appeal from the judgment of the circuit

court commissioner was due to circumstances beyond their control and that their failure to take the appeal could not be charged to their culpable negligence because, being incompetent, they were incapable of improper or wrongful intent. Further, we are of the opinion that there is merit in the appeal of a judgment rendered against incompetent persons and characterized by precedent as being voidable.

Appellant also claims error in the court's failure to properly entitle the delayed appeal as between the parties. In the circuit court commissioner's action, the Great Lakes Realty Corporation was the plaintiff and the Peters were the defendants. Subsequently, when an action in chancery was instituted to redeem from the forfeiture, the Peters became plaintiffs and the Great Lakes Realty Corporation, defendant. When the delayed appeal was authorized by the circuit court, the files were confused and in the entitling the Peters were continued as plaintiffs and the Corporation as defendant. This error was corrected by order of the court on June 10, 1952, during the proceedings on appeal from the circuit court commissioner's judgment and we are of the opinion that the amendment was timely made. Because the Great Lakes Realty Corporation was the plaintiff in the appeal, it was proper that they should have the burden of proceeding at the opening of the hearing in the circuit court. See Court Rule No 76, § 19 (1945, as amended in 1949).

The judgment of the circuit court is affirmed, costs to appellee.

DETHMERS, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.