## PEOPLE *v.* GRAMES.

1. CRIMINAL LAW—WAIVER OF COUNSEL.
   Statement by defendant, at arraignment on charge of first-degree murder, that an attorney was not necessary *held*, to be sufficient waiver of counsel (CL 1948, § 750.316).

2. SAME—WAIVER OF COUNSEL.
   A waiver of counsel by an accused does not have to be made by the mouthing of certain "magic words."

3. SAME—DUE PROCESS—MINOR IRREGULARITIES.
   Due process is not an absolute quality; minor irregularities in a trial usually do not amount to reversible error and due process is not violated unless the weight of the irregularities makes the trial inconsistent with the fundamental principles of liberty and justice which lie at the base of all our civil and political institutions.

4. SAME—NEW TRIAL—WAIVER OF COUNSEL.
   A new trial in prosecution for first-degree murder will not be granted for lack of assistance of counsel, where defendant at arraignment pled guilty after intelligently waiving his right to counsel (CL 1948, § 750.316).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 316, 317.
[3] 16 Am Jur 2d, Constitutional Law § 542 *et seq.*
[4] 39 Am Jur, New Trial § 14.

Appeal from Jackson; Simpson (John), J. Submitted Division 2 March 3, 1967, at Lansing. (Docket No. 2,254.) Decided November 28, 1967. Leave to appeal denied February 13, 1968. See 380 Mich 756.

Ralph Grames was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James G. Fleming,* Prosecuting Attorney, and *Vincent F. Stapley,* Assistant Prosecuting Attorney, for the people on appeal.

*McInally, Rosenfeld & Firestone (Robert M. Grover,* of counsel), for defendant on appeal.

McGregor, J. Defendant was charged with first-degree murder[*] for the killing of a cab driver on the night of April 21, 1947. After a plea of guilty, defendant was sentenced to life imprisonment, on April 29, 1947.

The basic facts of the killing are not disputed. An accomplice and the defendant, a 23-year-old parolee at the time, had spent an evening in a frustrating search for a suitable hold-up target. Finally, they hired a taxicab driven by Mr. Sayers and ordered him to drive to a spot outside the city limits. Within a short time, it became evident that this would be no ordinary taxi ride, as the driver was being given directions by the defendant, who at the same time pressed the barrel of a pistol against the back of the driver's head. When the taxi reached a point which suited the defendant's purposes, he ordered the driver to stop and get out. The driver was

---

[*] CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548).

then relieved of his wallet and told to walk through the brush. When the driver began running, he was felled by the defendant administering a mortal gunshot wound to the back of the driver's head. After being arrested the next day, the defendant made a full, and from all records, completely voluntary statement to the police.

At the acceptance of the plea of guilty, the following dialogue was recorded:

"*Q.* You haven't any attorney this morning, I see.
"*A.* No, sir.
"*Q.* Do you want one or don't you?
"*A.* I don't believe it is necessary.
"*Q.* You don't think it is necessary?
"*A.* No, sir.

and later on:

"*Q.* And you understand you may have a lawyer?
"*A.* That's right.
"*Q.* (continuing) But you don't want one because you say you are guilty, is that right?
"*A.* That's right."

This appeal claims that, procedurally, the conviction of the defendant was amiss. Specifically, defendant claims he did not expressly and intelligently waive his right to counsel and that the totality of the circumstances, especially absence of counsel, were such that defendant was denied due process of the law. The defendant said an attorney was not necessary and that was sufficient for a waiver of counsel. A waiver of counsel by an accused does not have to be by the mouthing of certain foreordained "magic words". Any waiver must be reflected in the record as an intelligent waiver, and that is what we have here. Defendant's regrets for having waived counsel, hatched during years of confinement in prison,

will not serve to change the fact that counsel was clearly waived.

Defendant also claims the total circumstances of his trial were such as to deny him due process. Due process is not an absolute quality. *Rochin* v. *California* (1952), 342 US 165 (72 S Ct 205, 96 L ed 183, 25 ALR2d 1396). Minor irregularities in a trial usually do not amount to reversible error and due process is not violated, unless the weight of the irregularities makes the trial inconsistent "with the fundamental principles of liberty and justice which lie at the base of all of our civil and political institutions". *Hebert* v. *Louisiana* (1926), 272 US 312, 316 (47 S Ct 103, 104, 71 L ed 270, 273, 48 ALR 1102, 1106). Suffice it to say that this Court is unconvinced in this case that the defendant was denied a fair trial, justice, or due process of the law. Our review of this record fails to disclose any valid reason for reversing the circuit judge's order denying a new trial.

Affirmed.

T. G. KAVANAGH, P. J., and QUINN, J., concurred.