## PEOPLE *v.* BERRY.
### OPINION OF THE COURT.

1. APPEAL AND ERROR—LEAVE TO APPEAL—DISCRETION OF COURT—CERTIORARI.

   Denial of leave to appeal is ordinarily an act of judicial discretion equivalent to denial of certiorari and is not equivalent to an affirmation of the judgment sought to be reviewed.

2. SAME—DENIAL OF DELAYED LEAVE TO APPEAL—RES JUDICATA.

   Denial of application for delayed appeal by Court of Appeals and denial by Supreme Court of application for delayed appeal and of motion for reconsideration are acts of judicial discretion and do not constitute affirmance on the merits.

3. JUDGMENT—DECISION ON MERITS—RES JUDICATA.

   A decision on the merits is an essential element of the doctrine of *res judicata*.

4. APPEAL AND ERROR—DENIAL OF LEAVE TO APPEAL—RES JUDICATA.

   Previous denial of leave to take delayed appeal in criminal case by Court of Appeals and subsequent denial of application for delayed appeal and for reconsideration by Supreme Court do not operate to prevent Court of Appeals looking into the merits of the cause later.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 905, 932.
[2, 4] 5 Am Jur 2d, Appeal and Error § 930.
[3] 30A Am Jur, Judgments § 347 *et seq.*
[5] 5 Am Jur 2d, Appeal and Error § 778.
[6] 4 Am Jur 2d, Appeal and Error § 292 *et seq.*
[7] 21 Am Jur 2d, Criminal Law § 222.
[8–12] 21 Am Jur 2d, Criminal Law §§ 316, 317,

5. CRIMINAL LAW—MISCARRIAGE OF JUSTICE—STATUTES—CONSTITU-
TIONAL LAW.

> Statutory provision that no judgment or verdict should be set
> aside or reversed or new trial granted in a criminal case on
> various enumerated grounds unless the error complained of
> resulted in a miscarriage of justice may mollify minor errors
> which clearly can be held not to have affected the result but is
> not a cure-all, must serve within constitutional limitations, and
> cannot cure an error which deprives an accused of the right of
> due process of law (CL 1948, § 769.26).

6. APPEAL AND ERROR—DELAYED APPEAL—DEPRIVATION OF DUE
PROCESS.

> A showing adequate to warrant granting an application for de-
> layed appeal is made whenever the error shown amounts to a
> deprivation of due process of law.

7. CRIMINAL LAW—WAIVER OF COUNSEL—DENIAL OF DUE PROCESS—
MISCARRIAGE OF JUSTICE.

> Defendant, charged with crime, who does not intelligently waive
> his right to counsel is denied due process amounting to a mis-
> carriage of justice (CL 1948, § 769.26).

8. SAME—WAIVER OF COUNSEL—CONSTITUTIONAL TEST.

> Waiver of counsel in a criminal case, in order to pass the consti-
> tutional test, requires an offer of counsel before the waiver.

9. SAME—WAIVER OF COUNSEL.

> A waiver of counsel by one accused of crime does not have to
> be made by the mouthing of certain "magic words."

10. SAME—RIGHT TO COUNSEL—WAIVER OF COUNSEL.

> Mere showing an accused knew of his right to counsel is not suf-
> ficient to show a waiver of counsel, there being a strong pre-
> sumption against waiver of the constitutional right.

11. SAME—PLEA OF GUILTY—WAIVER OF COUNSEL.

> Conviction by plea of guilty by defendant who was arraigned
> without counsel on charge of breaking and entering in the night-
> time, was told he was entitled to counsel, was told of his right
> to trial by judge or jury, and was immediately asked how he
> pleaded without asking if he wanted counsel *held*, reversible
> error, since there is no showing he intelligently waived his right
> to counsel (CL 1948, § 750.110).

DISSENTING OPINION.

J. H. GILLIS, J.

12. CRIMINAL LAW—RIGHT TO COUNSEL—WAIVER OF COUNSEL—PLEA
OF GUILTY.

 *Conviction upon plea of guilty to charge of breaking and entering in the nighttime by defendant who had no counsel and was advised of his right to counsel, but not specifically asked if he wanted counsel, was not a miscarriage of justice upon the record presented (CL 1948, §§ 750.110, 769.26).*

Appeal from Ingham; Salmon (Marvin J.), J. Submitted Division 2 December 7, 1966, at Lansing. (Docket No. 783.) Decided March 29, 1968. Remanded to Court of Appeals July 24, 1968. See 381 Mich 766.

Benjamin F. Berry was convicted, on a plea of guilty, of breaking and entering in the nighttime. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald L. Reisig,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*Abood, Abood & Abood,* for defendant.

McGREGOR, J. Defendant Benjamin Berry was arraigned on January 25, 1963, without counsel, and charged with breaking and entering in the nighttime. CL 1948, § 750.110 (Stat Ann 1954 Rev 28-.305). He entered a plea of guilty and was sentenced.

The pertinent parts of the transcript of the arraignment are quoted below:

*"The Court:* The court wishes to advise you that you are entitled to be represented by a lawyer and if you are not financially able to employ one and.

will so advise the court, the court will see that you have a lawyer. Do you understand that?

".*Defendant:* Yes, I do.

"*The Court:* The court also wishes to inform you that you are entitled to have a trial either before a jury or before the court without a jury. Do you understand that?

"*Defendant:* Yes, I do.

"*The Court:* How do you wish to plead, guilty or not guilty?

"*Defendant:* If I pleaded guilty * * *

"*The Court:* How do you wish to plead, guilty or not guilty?

"*Defendant:* Guilty."

(A few more brief questions were asked and then an unrecorded conference was held in the judge's chambers.)

"*The Court:* Step up here, please (*to Berry*). Let the record show the court has conferred with Mr. Berry relative to the circumstances of the crime, is convinced that he committed the crime, that his plea was freely, understandingly, and voluntarily made without undue influence, compulsion, or duress and without promise of leniency. Therefore, his plea is accepted."

First, it is necessary to decide whether the matters presented on this appeal are *res judicata*. This Court denied an application for delayed appeal in this case on June 8, 1965. Thereafter, defendant appealed this order to the Supreme Court. On October 6, 1965, the Supreme Court denied the application for delayed appeal and later denied a motion for reconsideration. There is some question whether the matters raised here are *res judicata*. We do not believe they are. In *Malooly v. York Heating & Ventilating Corp.* (1935), 270 Mich 240, 247, the Supreme Court said:

"The denial of an application for leave to appeal is ordinarily an act of judicial discretion equivalent to the denial of certiorari. It is held that the denial of the writ of certiorari is not equivalent of an affirmation of the decree sought to be reviewed. *United States* v. *Carver,* 260 US 482 (43 S Ct 181, 67 L Ed 361); *Hamilton-Brown Shoe Co.* v. *Wolf Bros. & Co.,* 240 US 251 (36 S Ct 269, 60 L Ed 629)."

This holding was followed in *Great Lakes Realty Corporation* v. *Peters* (1953), 336 Mich 325, and *Walters* v. *Arenac Circuit Judge* (1966), 377 Mich 37. All three cases involved denials of applications for leave to appeal from interlocutory orders. However, the principle enunciated in *Malooly* and *Walters* is equally applicable to denials of applications for leave to appeal from final judgments. See denial of leave to appeal, *Frishett* v. *State Farm Mutual Automobile Insurance Company* (1966), 378 Mich 733. Such denials are acts of judicial discretion and do not constitute affirmances on the merits.

The reference to denials of certiorari in *Malooly* is particularly illuminating. In *Chessman* v. *Teets* (1957), 354 US 156, 164 footnote 13 (77 S Ct 1127, 1132; 1 L Ed 2d 1253, 1260), the Supreme Court said:

"Certainly this Court's previous denials of certiorari [citing previous denials], do not foreclose us from now granting appropriate relief."

The reasoning behind this statement is uncomplicated. Denials of certiorari import "no expression of opinion on the merits". *Sunal* v. *Large* (1946), 332 US 174, 181 (67 S Ct 1588, 1592; 91 L Ed 1982, 1988). A decision on the merits is an essential element of the doctrine of *res judicata.* See 50 CJS, Judgments, § 626 at p 51. In the same way, denials of applications for leave to appeal do not import an expression of opinion on the merits

of a cause, but rather are acts of judicial discretion. *Malooly* v. *York Heating & Ventilating Corp.*, *supra*. For this reason such denials cannot be afforded *res judicata* treatment. This Court is not barred from looking into the merits of the present cause.

In order to decide this case this Court must arrive at an interpretation of CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096). This statute reads:

"No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this State in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of *has resulted in a miscarriage of justice.*" (Emphasis supplied.)

The problem in applying the statute centers around the question of whether or not the error raised has resulted in a "miscarriage of justice."

Counsel for appellant urges upon us the interpretation given this statute in *People* v. *Bigge* (1939), 288 Mich 417, 421:

"The statutory provision is not a cure-all for it must serve within constitutional limitations or else be declared void. Minor errors which clearly can be held not to have affected the result may be mollified by this statutory provision, but errors which deprive an accused of the right of due process of law cannot be composed thereby to the detriment of an accused. The responsibility of maintaining the right of fair trial and due process of law is placed with the judicial branch and cannot be otherwise by legislative permission."

We approve this interpretation of the statute. Whenever the error shown amounts to a deprivation

of due process of law, an adequate showing has been made to warrant the granting of an application for delayed appeal. When an accused has been denied due process, a miscarriage of justice has occurred.

Has there been a denial of due process amounting to a miscarriage of justice in the case before us? We find that there has been. The record before us does not show that defendant Berry intelligently waived his right to counsel. In order for a waiver of counsel to pass constitutional muster there must have been an *offer* of counsel before the waiver. *Carnley* v. *Cochran* (1962), 369 US 506 (82 S Ct 884, 8 L Ed 2d 70). This Court recently held that a waiver does not have to be by the mouthing of certain fore-ordained "magic words," *People* v. *Grames* (1967), 8 Mich App 375, but the mere showing that the accused knew of his right to counsel is not sufficient to show a waiver of counsel, *In re Gault* (1967), 387 US 1 (87 S Ct 1428, 18 L Ed 2d 527); there being a strong presumption against waiver of the constitutional right to counsel, *People* v. *Whitsitt* (1962), 366 Mich 609.

The plea of guilty is set aside, the sentence vacated, and the case remanded for proceedings consistent with this opinion.

T. G. KAVANAGH, P. J., concurred with Mc-GREGOR, J.

J. H. GILLIS, J. (*dissenting*). In view of CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096)* I would

---

* "No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, cr for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice."

affirm the trial court. After an examination of the entire record in this cause, it does not appear that there was a miscarriage of justice in the lower court.