PEOPLE *v.* JULIAN

1. CRIMINAL LAW—INDIGENTS—APPOINTMENT OF COUNSEL.

Recognition of defendant's indigency and a meaningful assurance of appointment of counsel at public expense if he wanted one was implicit where, at arraignment, the court inquired of defendant whether he was going to get an attorney to which defendant responded in the negative and the court then inquired whether he wanted the court to appoint an attorney for him; the defendant could hardly have read into this any implication that, if the court did so, it would be at defendant's own expense.

2. CRIMINAL LAW—INDIGENTS—RIGHT TO COUNSEL—WAIVER.

Waiver cannot be presumed from a silent record but a record that fairly apprises the defendant of his right to court-appointed counsel is sufficient even though it does not contain the words "at public expense."

Appeal from Macomb, Frank E. Jeannette, J. Submitted Division 2 September 29, 1970, at Detroit. (Docket No. 7,166.) Decided October 28, 1970.

Edwin Leon Julian, Jr. was convicted, on his plea of guilty, of larceny in a building. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 318–323.
Construction of state statutes providing for compensation of attorney for services under appointment by court in defending indigent accused. 18 ALR3d 1074.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*Richard C. Stavoe* for defendant on appeal.

Before: HOLBROOK, P. J., and V. J. BRENNAN and O'HARA,* JJ.

O'HARA, J. Defendant was convicted of larceny in a building (MCLA § 750.360 [Stat Ann 1954 Rev § 28.592]) on a plea of guilty. He appeals claiming, *inter alia,* that the trial court committed error in not advising him of his right to appointed counsel at public expense if he were indigent.

Upon arraignment, defendant was informed of his right to counsel as follows:

*"The Court:* Do you have an attorney?
*"Mr. Julian:* No, sir.
*"The Court:* Are you going to get an attorney?
*"Mr. Julian:* No, sir.
*"The Court:* Do you want the court to appoint an attorney for you?
*"Mr. Julian:* No, sir.

The trial court is required, before accepting a defendant's plea of guilty, to inform defendant of his right to appointed counsel at public expense if he were indigent. GCR 1963, 785.3; *People* v. *Grames* (1968), 8 Mich App 375 (*leave to appeal denied,* [1968], 380 Mich 756); *People* v. *Everson* (1969), 16 Mich App 739; *People* v. *Faulman* (1970), 23 Mich App 635.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The question, therefore, becomes whether there was implicit in the court's question "Do you want the court to appoint an attorney for you?" a recognition of defendant's indigency and meaningful assurance of appointment of counsel at public expense if he wanted one.

We think there was. The plain import of the question when analyzed in relation to the preceding one was in effect "if you are not going to get your own attorney, do you want the court to get one for you?" The defendant could hardly have read into this any implication that, if the court did so, it would be at defendant's own expense. Such nuances of semantics are not determinative of whether the right to counsel at public expense has been understandingly waived. Waiver cannot be presumed from a silent record (*Carnley* v. *Cochran* (1962), 369 US 506 [82 S Ct 884, 8 L Ed 2d 70]), but certainly a record that shows that defendant was fairly apprised of his right to court-appointed counsel is sufficient even though it does not contain the magic words "at public expense". We cannot believe the defendant was uninformed or misinformed.

It is interesting to note what the balance of the trial judge's examination of the defendant evoked after counsel had been waived.

"*The Court:* Understanding now the possibility that this court could sentence you to four years in Jackson, do you still want to plead guilty?

"*Mr. Julian:* Yes, sir.

"*The Court:* Will you tell me briefly in your own words, what happened on the 19th of December, 1968?

"*Mr. Julian:* Well, I was, went out in front, front of the store where I was working and just went in and got an envelope that had $50 in it and took that.

*"The Court:* Did the money belong to you?

*"Mr. Julian:* No, sir.

*"The Court:* Did you have permission from anyone, particularly the owner, to take it?

*"Mr. Julian:* No, sir.

*"The Court:* You knew that what you were doing was wrong?

*"Mr. Julian:* Yes, sir.

*"The Court:* Why did you do it?

*"Mr. Julian:* Well, I needed money to find a place to stay and to live on and I had a ticket two days before this, and to pay that, too, that was $20.

*"The Court:* At the time you took this envelope with $50, is that what it contained?

*"Mr. Julian:* Yes.

*"The Court:* It was not your property and you had not received permission from anyone to take it.

*"Mr. Julian:* Yes.

*"The Court:* And you knew you were violating the law?

*"Mr. Julian:* Yes."

To reverse this plea based conviction and remand for a new trial, in view of the foregoing examination of the defendant, would truly superimpose form upon substance. Certainly there is no suggestion of any miscarriage of justice.

We find no error.

Affirmed.

All concurred.