*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BRIAN DEWAYNE MCELROY,

Defendant-Appellant.

UNPUBLISHED
December 04, 2024
9:48 AM

No. 367703
Kent Circuit Court
LC No. 22-004093-FH

Before: BOONSTRA, P.J., and MURRAY and CAMERON, JJ.

MURRAY, J. (*concurring*).

I concur with my colleagues in rejecting defendant's arguments on the merits. However, there is an additional basis which precludes defendant's appeal: the law of the case doctrine. "The law of the case doctrine holds that a ruling by an appellate court on a particular issue binds the appellate court and all lower tribunals with respect to that issue." *Ashker v Ford Motor Co*, 245 Mich App 9, 13; 627 NW2d 1 (2001). "Thus, a question of law decided by an appellate court will not be decided differently on remand or in a subsequent appeal in the same case." *Id*. "The primary purpose of the doctrine is to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." *Id*. The doctrine applies "only to issues actually decided, either implicitly or explicitly, in the prior appeal." *Grievance Administration v Lopatin*, 462 Mich 235, 260; 612 NW2d 120 (2000).

As we noted in dicta in *Pioneer State Mut Ins Co v Michalek*, 330 Mich App 138, 144-145; 946 NW2d 812 (2019), when an application for leave to appeal is denied for lack of merit, it is a ruling on the merits, and thus the law of the case doctrine attaches to that decision:

> In exercising the discretion afforded it when reviewing an application for leave to appeal, *Great Lakes Realty Corp v Peters*, 336 Mich 325, 328; 57 NW2d 901 (1953), the Court has numerous options: it can grant the application and hear the case on the merits, deny the application, enter peremptory relief, or take any other action deemed appropriate. See MCR 7.205(E)(2). If the assigned panel determines that an application (late or otherwise) from a final order should be denied, the panel often—as was done here—indicates that it is for "lack of merit on

-1-

the grounds presented." In contrast to interlocutory applications for leave to appeal from nonfinal orders, where the Court generally does not express an opinion on the merits, applications for delayed appeal address whether to allow an appeal (filed after the 21-day period has elapsed) on a merits challenge to a final order. Hence, when we deny an application from a noninterlocutory order for lack of merit in the grounds presented, the order means what it says—it is on the merits of the case. Consistent with this conclusion, this Court has previously applied the law of the case doctrine to orders denying applications for "lack of merit in the grounds presented." See *People v Douglas*, 122 Mich App 526, 529-530; 332 NW2d 521 (1983), *People v Hayden*, 125 Mich App 650, 662-663; 337 NW2d 258 (1983), and *People v Wiley*, 112 Mich App 344, 346; 315 NW2d 540 (1981).

The first four issues raised in defendants' and Agresti's appeal briefs were raised in defendants' prior application for delayed appeal from the July 17, 2017 judgment. Additionally, appellants have not shown a change in the material facts or an intervening change in the relevant law. Because this Court previously denied defendants' application for delayed appeal "for lack of merit on the grounds presented," even if we had jurisdiction to address the merits challenge to the July 17, 2017 judgment, we would not address the merits of those issues under the law of the case doctrine.

This Court in *Hayden*, 125 Mich App at 662-663, addressed the same situation as presented here, i.e., when the issue raised by a defendant in his appeal of right (a 180-day rule violation) was previously raised in an interlocutory application for leave to appeal, which was denied for lack of merit. A majority[1] of the Court held that law of the case precluded defendant from challenging the prior merit-based decision:

The 180-day-rule argument was previously before this Court in the form of an application for leave to appeal. The application was denied "for lack of merit." *People v Wright* (Docket No. 77-4364, order of February 27, 1978, lv den 402 Mich 950m [1978] ).

Generally, a prior ruling concerning the same question of law in the same case is the law of the case and is controlling. *People v Conte*, 104 Mich App 73, 76; 304 NW2d 485 (1981). A legal issue raised in one appeal may not be raised in a subsequent appeal after proceedings held on remand to a lower court. *Conte*, supra, at 76. The instant order, however, was a denial of leave to appeal. Generally, denials of applications for leave to appeal do not import an expression of opinion on the merits of a cause, but rather are acts of judicial discretion. *Malooly v York Heating & Ventilating Corp*, 270 Mich 240, 247; 258 NW 622 (1935); *People v Berry*, 10 Mich App 469, 473-474; 157 NW2d 310 (1968). Thus, denials of

---

[1] Interestingly, this discussion is in a concurring opinion signed by a majority of the Court, but was contained in a concurrence because those judges also agreed with the lead opinions resolution of the issues. See *Hayden*, 125 Mich App at 662-663.

applications for leave to appeal have been held not to constitute rulings on the merits of a case. *People v Hines*, 88 Mich App 148, 152; 276 NW2d 550 (1979).

In the instant case, however, this Court did not deny leave without considering the merits of the case. While denials of leave are generally for "failure to persuade the Court of the need for immediate appellate review", the order in the instant case denied leave expressly "for lack of merit". Thus, the Court was expressing a decision on the merits on the 180-day issue when it denied defendants' application for leave to appeal.

For these same reasons, because defendant previously appealed the trial court's denial of his motion to suppress, and this Court denied that application for lack of merit, and because nothing in the law or facts have changed since then, defendant should not be afforded a second bite of the apple.

/s/ Christopher M. Murray