## PEOPLE v. BAKER.

1. CRIMINAL LAW—ADVICE OF COUNSEL.

Trial judge's predication of defendant's right to counsel on a plea of not guilty *held*, error since the condition is not one found in the court rule, nor one qualifying defendant's constitutional right to counsel before plea (Court Rule No 35A [1945]).

Appeal from Kent; Searl (Fred N.), J. Submitted Division 3 June 8, 1967, at Lansing. (Docket No. 1,408.) Decided December 6, 1967.

Carl Baker was convicted of statutory rape. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Richard D. Wells,* Assistant Prosecuting Attorney, for the people.

*Larry Middletown,* for defendant.

QUINN, J. April 3, 1959, without counsel, defendant pleaded guilty to statutory rape[1] of his daughter. April 24, 1959, he was sentenced to prison for life and with a recommendation that parole not be

---

[1] CLS 1961, § 750.520 (Stat Ann 1954 Rev § 28.788).

---

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 309, 312, 313.

considered until defendant was incapable of having sexual relations. In July, 1960, defendant filed a motion for leave to file a delayed motion for new trial. By written opinion dated October 19, 1960, and by order pursuant thereto dated November 29, 1960, this motion was denied. Defendant's application for leave to appeal from this order was denied by the Supreme Court June 28, 1961. September 9, 1965, defendant filed a motion to withdraw his plea of guilty and for leave to file a delayed motion for new trial. By written opinion dated September 13, 1965, and by order pursuant thereto dated September 20, 1965, this motion was denied, and defendant appeals on leave granted.

Defendant was arrested March 29, 1959 without a warrant by Michigan State police. April 1, 1959, a State police officer signed a formal complaint before a municipal judge in Grand Rapids charging defendant with the statutory rape of Louise Joanne Baker December 1, 1957, and with indecent liberties.[2] A warrant charging the same offenses issued the same day; defendant waived examination[3] and was arraigned in circuit court April 3, 1959, on an information charging both offenses.

One of several grounds asserted by defendant for appellate relief is that he did not have the benefit of advice or assistance of counsel before being required to plead to the information. In response to this assertion, plaintiff contends defendant was fully advised of his right to counsel and chose not to exercise that right. The transcript of arraignment does not support plaintiff in this position. The pertinent portion of such transcript is as follows:

"*The Court:* We will arraign him on that first count first. Mr. Baker, you are charged here with

---

[2] CLS 1961, § 750.336 (Stat Ann 1954 Rev § 28.568).
[3] CLS 1961, § 767.42 (Stat Ann 1965 Cum Supp § 28.982).

a felony which means it is a serious offense for which you can be sent to prison if you plead guilty or are found guilty. You have a right to plead guilty or not guilty as you choose,—

"*Respondent:*[4] (Interposing) Yes.

"*The Court:* Just a minute. If you plead not guilty, you have a right to a trial either by the jury or the judge as you choose and you have a right to be represented by a lawyer if you wish. If you are unable to employ one for financial reasons, the court will, if you ask it, appoint one for you, do you understand your constitutional rights?

"*Respondent:* Yes, sir.

"*The Court:* Are you ready to plead at this time?

"*The Respondent:* Yes, sir.

"*The Court:* Do you understand the charge against you?

"*Respondent:* Yes, sir.

"*The Court:* How do you plead?

"*Respondent:* Guilty."

Court Rule No 35A (1945), then in effect, was the same as GCR 1963, 785.3, which provides in part as follows:

".3 Arraignment and sentencing. In every prosecution wherein the accused is charged with a felony, the trial court shall conform to the following practice:

"(1) Arraignment. If the accused is not represented by counsel upon arraignment, before he is required to plead, the court shall advise the accused that he is entitled to a trial by jury and to have counsel, and that in case he is financially unable to provide counsel the court will, if accused so requests, appoint counsel for him. If the accused states he will procure counsel or requests that counsel be appointed, a reasonable time thereafter shall

---

[4] Defendant is called respondent in the transcript. CL 1948, § 612.1 (Stat Ann § 27.653), and, now, GCR 1963, 201.1 and 785.1, require that parties to an action be designated as plaintiff or defendant.—REPORTER.

be allowed for counsel to consult with the accused before his plea shall be taken."

Here the trial judge predicated defendant's right to counsel on a plea of not guilty, a condition not found in the rule nor one qualifying his constitutional right to counsel before plea. This conclusion obviates discussion of the other questions raised on appeal.

Reversed and remanded for new trial.

LESINSKI, C. J., and GILLIS, J., concurred.