PEOPLE *v.* FAULMAN

1. CRIMINAL LAW — CONSTITUTIONAL LAW — INDIGENCY — RIGHT TO COUNSEL.

    The court did not clearly inform defendant of his right to court-appointed counsel if he was indigent where defendant was advised that he was entitled to a lawyer to represent him specifically to handle his trial.

2. CRIMINAL LAW—CONSTITUTIONAL LAW—RIGHT TO COUNSEL—APPRISEMENT OF RIGHT.

    The right to counsel is not a right confined to representation during the trial on the merits; therefore trial judge erred in telling defendant that he was entitled to a lawyer to handle his trial because the statement indicated that defendant was not so entitled if he intended to plead guilty, which defendant did.

Appeal from St. Clair, Halford I. Streeter, J. Submitted Division 2 April 8, 1970, at Lansing. (Docket No. 7,924.)  Decided May 1, 1970.

Charles Faulman was convicted, on his plea of guilty, of breaking and entering and unlawfully driving away an automobile.  Defendant appeals. Reversed and remanded.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  21 Am Jur 2d, Criminal Law §§ 317–323.
[2]  21 Am Jur 2d, Criminal Law §§ 317, 486.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Donald P. Neumann,* Assistant Prosecuting Attorney, for the people.

*Davidson, Staiger & Staiger,* for defendant on appeal.

Before: McGregor, P. J., and Danhof and Larnard,* JJ.

Per Curiam. Charles Faulman was convicted of breaking and entering[1] and unlawfully driving away an automobile[2] on a plea of guilty. He appeals, claiming the trial court committed error in not advising him of his right to appointed counsel and not asking specifically if his plea was the result of a promise of leniency.[3]

Upon arraignment, defendant was informed of his right to an attorney as follows:

"*Q.* Charles A. Faulman, I want to advise you that you are entitled to a trial by jury or if you prefer a trial before the court; you are also entitled to a lawyer to represent you and to handle your trial. Do you wish an attorney?

"*A.* No, sir.

"*Q.* Do you wish to plead to the case or do you wish a trial?

"*A.* I will plead guilty to the case."

The court did not clearly inform defendant of his right to court-appointed counsel in the event of indigency. *Gideon* v. *Wainright* (1963), 372 US 335 (83 S Ct 792, 9 L Ed 2d 799, 93 ALR2d 733);

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

[1] MCLA 1970 Cum Supp § 750.110 (Stat Ann 1970 Cum Supp § 28.305).

[2] CL 1948, § 750.413 (Stat Ann 1954 Rev § 28.645).

[3] GCR 1963, 785.3(2).

*People* v. *Hunn* (1965) 1 Mich App 580; *People* v. *Whitsitt* (1960), 359 Mich 656; see GCR 1963, 785.3 (1).

Further, the judge's statement that defendant was entitled to a lawyer to "handle your *trial*" indicated that defendant was not so entitled if he intended to plead guilty, which this defendant did. The right to counsel is not a right confined to representation during the trial on the merits. *People* v. *Baker* (1967), 9 Mich App 111, 113, 114; *People* v. *Carson* (1969), 19 Mich App 1.

Our conclusion obviates discussion of the other issues raised.

Reversed and remanded.