PEOPLE *v.* HOCQUARD

1. INDICTMENT AND INFORMATION—INDORSEMENT OF WITNESS—
PURPOSE—LATE INDORSEMENT.

Indorsement of witness on the information prior to trial is required to allow defendant to prepare for trial and any error asserted because of failure in that requirement must be measured by the extent that defendant's right to preparation is impaired.

2. INDICTMENT AND INFORMATION—INDORSEMENT OF WITNESS—
LARGE INDORSEMENT—RIGHT TO CROSS-EXAMINE.

A defendant's right to prepare his case was not impaired by granting the prosecution's motion for indorsement at trial of a codefendant who was called as a witness by the prosecution under the mistaken assumption that he was already indorsed on the information where the court, after defendant's objection, granted a continuance of three days and defense counsel indicated that the time would be sufficient to prepare for the witness.

3. CRIMINAL LAW—RIGHT TO CROSS-EXAMINE—PRELIMINARY NOTES
—FAILURE TO PRODUCE.

The destruction of preliminary notes made by witnesses and police officers does not necessarily deprive the defendant of an effective means of cross-examination.

4. CRIMINAL LAW—RIGHT TO CROSS-EXAMINE—PRELIMINARY NOTE.

Prosecutor's failure to produce memoranda made by a witness and the investigating police officer did not constitute reversible error where defense counsel extensively cross-examined the witness and the police officer.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur 2d, Indictments and Informations § 60.
[2] 41 Am Jur 2d, Indictments and Informations § 186.
[3, 4] 29 Am Jur 2d, Evidence §§ 477, 867.

Appeal from Wayne, John R. Murphy, J. Submitted Division 1 April 1, 1971, at Detroit. (Docket No. 10231.) Decided April 29, 1971. Leave to appeal denied August 17, 1971. 385 Mich 781.

Earl Elwood Hocquard was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Dominick R. Carnovale*, Chief, Appellate Department, and *Luvenia D. Dockett*, Assistant Prosecuting Attorney, for the people.

*Larry S. Davidow*, for defendant on appeal.

Before: J. H. GILLIS, P. J., and FITZGERALD and T. M. BURNS, JJ.

PER CURIAM. Defendant and two others were charged with committing an armed robbery.[1] A separate trial was granted on defendant's motion. The codefendants pled guilty to lesser included offenses and the defendant was convicted of the major charge by a jury.

During the trial the prosecution called one of the codefendants to testify under the mistaken assumption that the codefendant was indorsed on the information. The defense objected and the prosecution moved for indorsement. The trial court allowed the indorsement, but granted a continuance of three days so that defense counsel might prepare the defense in light of this indorsement. Defense counsel indicated that this would be sufficient time to prepare the defense.

---

[1] MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797).

On appeal defendant asserts that indorsement of the codefendant was an abuse of discretion. Since the purpose of requiring indorsement is to allow the defendant to prepare for trial, any error must be measured by the extent that that right was impaired. *People* v. *Lee* (1943), 307 Mich 743; *People* v. *Rowls* (1970), 28 Mich App 190. Since a continuance was granted and defense counsel indicated that it would be sufficient to prepare for the witness, no error resulted from the late indorsement.

Defendant next asserts that the failure by the prosecution to produce certain memoranda made by a witness and by the investigating police officer resulted in reversible error. The destruction of preliminary notes does not deprive the defendant of an effective means of cross-examination. *People* v. *Gorka* (1969), 381 Mich 515. Since the witness and the police officer were extensively cross-examined by defense counsel, the fact that the memoranda made by these persons was not available did not result in reversible error.

The balance of defendant's assignments of error are without sufficient merit to warrant discussion.

Affirmed.