PEOPLE v McGILMER

Docket Nos. 78-1616, 78-3436. Submitted November 16, 1979, at Lansing.—Decided February 21, 1980.

Norman McGilmer was convicted of breaking and entering an occupied building with intent to commit larceny and of being a habitual offender, Washtenaw Circuit Court, Edward D. Deake, J. Defendant appealed both convictions and the appeals were consolidated. *Held:*

1. There was no affirmative showing that the defendant was prejudiced by consolidation of his trial with that of his brother, a codefendant.

2. The magistrate's determination at the preliminary examination that there was probable cause to believe that the defendant committed the crime was not an abuse of discretion.

3. The defendant was found to be a fourth felony offender. One of the prior convictions was obtained when the defendant was a juvenile. He had waived jurisdiction in juvenile court and at that proceeding was not represented by counsel. At the time there was no requirement that juveniles be represented by counsel at such hearings. The case precedent establishing the requirement does not have retroactive application; therefore, the conviction was valid and it was properly used to support the habitual offender conviction.

Affirmed.

T. M. BURNS, P.J., dissented. He would hold that the prior conviction should not be used to enhance the defendant's sentence in the present case. He would reverse the habitual offender conviction.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 309 *et seq.*
 39 Am Jur 2d, Habitual criminals and subsequent offenders § 9.
 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 38, 39.
Right to appointment of counsel. 69 ALR2d 691.

Opinion of the Court

1. Criminal Law — Juveniles — Representation by Counsel —
     Habitual Offenders.

   The case law establishing the requirement that a juvenile be
     represented by counsel at a juvenile court proceeding in which
     jurisdiction is transferred to circuit court does not have retroac-
     tive application to a proceeding held before the requirement
     existed; a felony conviction obtained prior to that case prece-
     dent is not invalid because of lack of counsel at the transfer
     hearing and may be used as the basis for a habitual offender
     conviction.

                  Dissent by T. M. Burns, P.J.

2. Criminal Law — Juveniles — Representation by Counsel —
     Habitual Offenders.

   *A habitual offender conviction should not be based upon a prior*
     *conviction which was obtained while the defendant was at the*
     *time a juvenile who waived jurisdiction from juvenile court to*
     *circuit court without the assistance of counsel, even though at*
     *the time there was no requirement that a juvenile be repre-*
     *sented by counsel at a transfer hearing.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Albert B. Blixt, Jr.,* Assistant Prosecuting Attorney, for the people.

*George W. Parker,* for defendant on appeal.

Before: T. M. Burns, P.J., and Cynar and A. M. Bach,* JJ.

Per Curiam. Defendant was jury convicted of breaking and entering an occupied dwelling with the intent to commit larceny therein, MCL 750.110; MSA 28.305, and of being an habitual offender, MCL 769.12; MSA 28.1084. He was sentenced to 10 to 15 years imprisonment and now appeals as of right.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

We first reject defendant's contention that the trial court committed reversible error in granting the people's motion to consolidate his trial with that of his brother. There was no affirmative showing of prejudice to the substantial rights of the defendant. *People v Carroll,* 396 Mich 408, 414; 240 NW2d 722 (1976).

We further find no abuse of discretion in the magistrate's determination that probable cause to believe defendant committed the crime was established at the preliminary examination. *People v Juniel,* 62 Mich App 529, 535; 233 NW2d 635 (1975). That the corpus delicti of the offense was established is not in dispute.

Finally, we address the main issue raised by defendant on appeal. The question is whether the trial judge committed reversible error in finding defendant guilty as a fourth offender under the habitual offender statute, when one of the prior convictions relied upon had originated in juvenile court where defendant had waived jurisdiction to Recorder's Court without benefit of counsel and then pled guilty to a reduced charge while assisted by counsel.

Defendant claims that the trial court was prohibited from using the aforementioned conviction to support guilt or enhance sentence for another offense. We disagree with defendant.

Defendant was previously convicted of attempted unarmed robbery on April 29, 1965. This is the conviction at issue here. At that time MCL 712A.17; MSA 27.3178(598.17) did not require appointment of counsel at juvenile transfer hearings, but instead left such appointment to the discretion of the court. Subsequently, the United States Supreme Court held that juveniles have a Sixth Amendment right to counsel in all adjudicatory

proceedings. *Kent v United States,* 383 US 541; 86 S Ct 1045; 16 L Ed 2d 84 (1966).

The question of the retroactive application *vel non* of *Kent* and its progeny has resulted in a split amongst the United States Circuit Courts of Appeal. The issue has not been squarely faced in Michigan. However, in a factual situation on all fours with the case *sub judice,* Judge Feikens of the Federal District Court for the Eastern District of Michigan concluded that *Kent, et al.,* need not be applied retroactively, adopting the reasoning and result of *Harris v Procunier,* 498 F2d 576 (CA 9, 1974), *cert den* 419 US 970; 95 S Ct 235; 42 L Ed 2d 186 (1974). See *Trombley v Anderson,* 439 F Supp 1250, 1251-1252 (ED Mich, 1977), *aff'd* 584 F2d 807 (CA 6, 1978).

We find the analysis in *Harris* as adopted in *Trombley* persuasive, and therefore hold that as a matter of both United States and Michigan constitutional law, the right to counsel at a juvenile proceeding does not apply retroactively to defendant's transfer proceeding. Accordingly, we discern no basis for upholding defendant's belated collateral attack on that conviction, or for disapproving the trial court's reliance thereon in sentencing defendant under the habitual offender statute.

We find no error requiring reversal and therefore affirm.

Affirmed.

T. M. BURNS, P.J. *(dissenting).* In *Kent v United States,* 383 US 541; 86 S Ct 1045; 16 L Ed 2d 84 (1966), the United States Supreme Court held that juveniles have a Sixth Amendment right to representation of counsel at adjudicatory proceedings. See also, *In re Gault,* 387 US 1; 87 S Ct 1428; 18 L Ed 2d 527 (1967). There is no question but that

defendant would have the right to counsel at a transfer hearing today if he were a juvenile. MCL 712A.4; MSA 27.3178(598.4).

The majority correctly cites *Trombley v Anderson,* 439 F Supp 1250 (ED Mich, 1977), aff'd 584 F2d 807 (CA 6, 1978), as authority for the proposition that *Kent* does not apply retroactively to permit a collateral attack on a juvenile proceeding in which counsel was denied. However, I believe that the majority extends *Trombley* beyond the limits of its holding when it uses it to affirm defendant's habitual offender conviction.

In *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972), the United States Supreme Court upheld a post-conviction challenge to a defendant's sentence premised on the ground that the sentencing judge erred when imposing sentence by considering a prior conviction of the defendant that was invalid under *Gideon v Wainwright,* 372 US 335; 83 S Ct 792; 9 L Ed 2d 799; 93 ALR2d 733 (1963). The simple rule stated in *Tucker* was that where the record indicated that the sentencing judge considered a conviction invalid under *Gideon* an appellate court must remand for resentencing. Subsequently, the Michigan Supreme Court had opportunity to adopt *Tucker* and did so without equivocation. *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974).

If it is forbidden for a sentencing judge to consider a defendant's prior conviction that was invalid because the defendant was denied the right to counsel, does it make sense to let similar constitutionally infirm convictions in the juvenile context be the basis for sentencing enhancement pursuant to an habitual offender information? *Tucker* has been applied retroactively and now bars the use of constitutionally infirm convictions without

regard to whether they occurred prior to or subsequent to its decisional date. I see no reason why *Kent* should not similarly be applied in the context of this case, which is not a collateral attack on defendant's 1965 conviction. That conviction is not affected by our decision here. Defendant's argument is simply that he was denied counsel at a critical stage in the 1965 proceeding and, as a consequence, his conviction in that proceeding should not be used today to enhance his sentence on the present charge. I agree with defendant.

I would reverse the habitual offender conviction.