PEOPLE v HENRY

Docket No. 45918. Submitted April 8, 1980, at Detroit.—Decided
November 19, 1980. Leave to appeal applied for.

Duane Henry was convicted of armed robbery and possession of a
firearm during the commission of a felony, Detroit Recorder's
Court, Harvey F. Tennen, J. He appeals by leave granted,
alleging that the trial court erred in permitting the indorse-
ment of a prosecution witness during trial and in failing to
correctly exercise its discretion in ruling on his motion to
suppress evidence of a previous conviction. *Held:*

1. The trial court did not err in permitting the indorsement
of a prosecution witness during trial. Defendant had ample
opportunity to prepare for the witness, and no prejudice was
shown.

2. Defendant's prior conviction concerned exactly the same
conduct as the crime charged and was remote to the present
charge. Admission of evidence of it was more prejudicial than
probative, leading to the conclusion that this factor was not
properly weighed by the trial judge.

3. The trial court failed to consider the effect on the deci-
sional process of the decision by defendant not to testify out of
fear of impeachment by reference to his prior convictions, and
it cannot be said that this error was harmless beyond a reason-
able doubt.

Reversed and remanded for a new trial.

1. PROSECUTING ATTORNEYS — INDORSEMENT OF RES GESTAE WIT-
    NESSES — FILING OF INFORMATIONS — STATUTES.

A prosecutor is required to indorse the names of res gestae
witnesses known to him on an information at the time of its
filing (MCL 767.40; MSA 28.980).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 41 Am Jur 2d, Indictments and Informations § 56.
[3] 41 Am Jur 2d, Indictments and Informations §§ 201, 204.
[4] 5 Am Jur 2d, Appeal and Error § 948.
  29 Am Jur 2d, Evidence § 320.

2. PROSECUTING ATTORNEYS — INDORSEMENT OF NON-RES GESTAE WIT-
   NESSES — FILING OF INFORMATIONS.

   A prosecutor is not required to indorse the names of non-res
   gestae witnesses on an information at the time of its filing.

3. CRIMINAL LAW — APPEAL — INDORSEMENT OF WITNESSES — JUDI-
   CIAL DISCRETION — STANDARD OF REVIEW — STATUTES.

   Indorsement of the names of additional witnesses by a prosecutor
   following the filing of an information before or during a trial is
   within the discretion of a trial court, and, on appeal, any error
   must be measured by the extent that a defendant's right to
   prepare for trial has been impaired by the exercise of such
   discretion (MCL 767.40; MSA 28.980).

4. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — IMPEACH-
   MENT — JUDICIAL DISCRETION — ERROR.

   Failure of a trial court, upon motion by a defendant to exclude
   references to his prior convictions, to recognize its discretion to
   exclude such references with respect to the nature of the prior
   offenses, to determine whether the prior conviction was for
   substantially the same conduct for which a defendant is on
   trial, and to consider the effect on the decisional process of a
   decision by an accused not to testify out of fear of impeachment
   by reference to prior convictions constitutes reversible error.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy Scallen,* Assistant Prosecuting Attorney, for the people.

*Lewis, White, Clay & Graves, P.C.* (by *Ray Reynolds Graves* and *M. L. Thompson, Jr.),* for defendant on appeal.

Before: DANHOF, C.J., and CYNAR and MAC-KENZIE, JJ.

MACKENZIE, J. Defendant, Duane Henry, was convicted of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2), by

a Detroit Recorder's Court jury on May 30, 1978. Defendant was sentenced to serve a mandatory, two-year prison term for violation of MCL 750.227b; MSA 28.424(2) and a consecutive prison term of 20 to 40 years for the armed robbery conviction. Defendant files a delayed appeal pursuant to GCR 1963, 806.4(2).

Prior to trial, the court denied defendant's motion *in limine* to suppress the use of his prior conviction for armed robbery for impeachment of the defendant should he take the stand. This conviction occurred in 1969, and defendant was confined for this offense until 1972.

Defendant's first claim of error pertains to the prosecutor's failure to indorse a witness named Delaney Windom at the time the information was filed. The trial court permitted the indorsement of Windom at trial four days before he testified on behalf of the prosecution. MCL 767.40; MSA 28.980 requires a prosecutor to indorse, on the information, the names of witnesses known to him at the time of filing the information. This statute has been interpreted to require the prosecutor to indorse only res gestae witnesses. See *People v Carter,* 87 Mich App 778; 276 NW2d 493 (1979), *People v Harrison,* 44 Mich App 578; 205 NW2d 900 (1973), *People v Tann,* 326 Mich 361; 40 NW2d 184 (1949), and *People v Keywell,* 256 Mich 139; 239 NW 288 (1931). In the instant case, the trial court determined that Windom was not a res gestae witness, and we agree. Windom clearly was not involved in the robbery. Nor was he at the scene of the robbery. No evidence was produced to indicate that he was in any way involved in the planning of the robbery. He was merely arrested a couple of hours after the crime as he was riding in the vehicle used in the crime with three other individuals, two of whom were involved in the

robbery. Since Windom was not a res gestae witness, there is no requirement that he be indorsed at the time of the filing of the information.

Assuming, *arguendo,* that Windom should have been indorsed prior to trial, it was still within the judge's discretion to allow indorsement at trial. The statute, MCL 767.40; MSA 28.980, provides in part that:

"Names of additional witnesses may be indorsed before or during trial by leave of the court and upon such conditions as the court shall determine."

The Supreme Court in *People v Tamosaitis,* 244 Mich 258, 260-261; 221 NW 307 (1928), interpreting this statute's forerunner, explained that this particular section was to vest wide discretion in the trial court. This discretion is, of course, reviewable. Since the purpose of requiring indorsement is to allow the defendant to prepare for trial, any error must be measured by the extent that the right was impaired. *People v Hocquard,* 33 Mich App 325, 327; 189 NW2d 750 (1971).

In the case at bar, the trial court permitted the indorsement of Windom on May 26, 1978. At that time, defense counsel was offered the opportunity to examine a statement given by Windom on November 20, 1977, to the police. Windom then did not testify until Tuesday, May 30, 1978. Defendant had ample time to interview the witness and to investigate facts bearing on his credibility. Defendant had more time than that found adequate in *People v Zaluski,* 28 Mich App 647; 185 NW2d 198 (1970). Because such opportunity to prepare for the witness existed and no prejudice to the defendant has been shown, the late indorsement was not error.

The defendant next contends that the trial court committed reversible error in allowing the prosecutor to impeach defendant Henry's credibility by the introduction of evidence of a prior conviction for armed robbery. Defendant argued that the trial court did not exercise its discretion when ruling on defendant's motion to suppress evidence of the conviction and, if it did, that the discretion was not exercised correctly because it failed to consider the factors presented in *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978).

Our Supreme Court, in *People v West,* 408 Mich 332, 340; 291 NW2d 48 (1980), recently reiterated the trial court's obligation:

"The law in Michigan is clear that the trial judge must recognize that he has the discretion to exclude reference to prior convictions for impeachment purposes. *[People v] Jackson,* 391 Mich [323,] 336[; 217 NW2d 22 (1974)]. When defendant moves to exclude reference to the convictions, the trial court 'must positively indicate and identify its exercise of discretion'. *[People v] Cherry,* [393 Mich 261; 224 NW2d 286 (1974)]. In this case the words "Motion *in limine* denied' do not comply with the dictates of *Cherry* and *Jackson.*"

The record in the instant case, as contrasted to *West* where the Court simply stated "motion *in limine* denied", indicates the defense attorney, the prosecutor, and the court discussed at length the requirements of *Crawford,* only recently released at time of trial. In *Crawford, supra,* 39, this Court held that, when called upon to exclude evidence of prior convictions, a trial judge must exercise his discretion with respect to three specific criteria:

"The factors which the judge must weigh in making his determination include: (1) the nature of the prior offense (did it involve an offense which directly bears on

credibility, such as perjury?), (2) whether it is for substantially the same conduct for which the defendant is on trial (are the offenses so closely related that the danger that the jury will consider defendant a 'bad man' or infer that because he was previously convicted he likely committed this crime, and therefore create prejudice which outweighs the probative value on the issue of credibility?), and (3) the effect on the decisional process if the accused does not testify out of fear of impeachment by prior convictions (are there alternative means of presenting a defense which would not require the defendant's testimony, *i.e.,* can his side of the story be presented, or are there alternative, less prejudicial means of impeaching the defendant?). See, *People v Farrar,* [36 Mich App 294; 193 NW2d 363 (1971)], *People v McCartney,* [60 Mich App 620; 231 NW2d 472 (1975)]."

The record in this case leaves no doubt that the trial judge was aware that he had discretion to either admit or deny the admission of evidence of the defendant's prior conviction; also, he was not unaware of the *Crawford* criteria because defense counsel had argued for exclusion on the basis of the *Crawford* factors. The trial judge's statement in giving his decision to admit evidence of defendant's prior conviction contained no analysis of the three specific *Crawford* criteria with respect to defendant.

Analyzing the instant case in terms of *Crawford,* we recognize that (1) the prior offense does bear directly on credibility and (2) the prior conviction concerned *exactly* the same conduct (armed robbery), creating the danger that the jury could conclude that, because defendant previously committed a similar crime, he had likely committed the present crime. In addition, defendant's prior conviction was remote—he was convicted nine years previous to the trial and had been released six years previously, after which he had led a

legally-blameless life. See *Gordon v United States,* 127 US App DC 343; 383 F2d 936 (1967). Thus, the admission of evidence of defendant's prior conviction was extremely prejudicial but not particularly probative, leading us to the conclusion that *Crawford's* second factor was not properly weighed by the trial judge.

The trial judge, in giving his reasoning regarding his decision to admit evidence of defendant's prior conviction, stated:

"It has been the position of this Court—and it is in this case—that the defendant is here to have his day in Court, which he is entitled to; that if he chooses to take the Stand, which he is entitled to, he has got to subject himself to the Jury, and that Jury of twelve people have to know who the witness is and I think they are entitled to know as it effects *[sic]* his credibility, because he is going to be testifying and telling something or other about this case, as to whether they can believe this witness.

"Again, I repeat, I would give a cautionary instruction, obviously at the end of the case and even when the defendant testified if he so chooses to testify, that the purpose of getting involved in whether he has a record or not is merely an *[sic]* only for the purpose of impeachment, for the purpose of attacking credibility, for the purpose of the Jury determination. *It is no different for your client than it would be for any witness* on the Stand at any point. They are all subject to the rulings of impeachment, credibility, and the Jury as being twelve members of the community. Twelve peers of the defendant, and are entitled to know about the People before them, and I am sure we will get a Jury who will be able to listen to The Court and listen to the—and follow the law. That is the purpose of the instructions." (Emphasis added.)

The trial court's failure to distinguish the defendant from any other witness disregards any consid-

eration of the third *Crawford* factor, that is, the effect on the decisional process if the accused does not testify out of fear of impeachment by evidence of prior convictions. Defendant did not testify and failed to present a witness that gave the jury his side of the story. The defendant's decision not to testify may have been made pursuant to the trial court's ruling to admit the evidence of the prior conviction. See *People v Denny,* 86 Mich App 40; 272 NW2d 332 (1978). Although the evidence against defendant was substantial, it cannot be said that the error was harmless beyond a reasonable doubt.

Reversed and remanded for a new trial.