## PEOPLE v BRADLEY

Docket No. 53277. Submitted April 7, 1982, at Lansing.—Decided July 13, 1982.

Miles W. Bradley was convicted of assault with intent to do great bodily harm less than murder and sentenced, Washtenaw Circuit Court, Edward D. Deake, J. He then pled guilty to being a second-time offender, based on convictions on charges in Indiana, and was sentenced. At the time of his Indiana convictions defendant was 16 years old, waived jurisdiction to circuit court without counsel, and pled guilty while represented by counsel. Defendant appealed. *Held:*

1. During trial, defendant moved for a declaration of mistrial. A denial of a motion for a mistrial will not be reversed on appeal in the absence of an affirmative showing of prejudice to the rights of the accused. Defendant showed no actual prejudice due to the trial court's denial.

2. The issue of the validity of a prior conviction which forms the basis of a supplemental information is properly preserved for appeal by a motion to quash the supplemental information.

3. A conviction of being a habitual offender may not be predicated upon a prior conviction based on a plea of guilty where the record of the plea-taking does not expressly indicate an intelligent waiver of the right to a trial by jury, which was not the case with defendant's pleas.

Habitual offender conviction vacated and sentence on the assault conviction reinstated.

1. Aᴘᴘᴇᴀʟ — Mɪsᴛʀɪᴀʟ.

A denial of a motion for a mistrial will not be reversed on appeal in the absence of an affirmative showing of prejudice to the rights of the accused.

Rᴇꜰᴇʀᴇɴᴄᴇs ꜰᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs
[1] 5 Am Jur 2d, Appeal and Error § 778.
[2] 5 Am Jur 2d, Appeal and Error § 554.
39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 31, 32.
[3] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 19, 22.

2. CRIMINAL LAW — HABITUAL CRIMINALS — APPEAL — PRESERVING
    QUESTION.
    The issue of the validity of a prior conviction which forms the
    basis of a supplemental information is properly preserved for
    appeal by a motion to quash the supplemental information.

3. CRIMINAL LAW — HABITUAL CRIMINALS — PLEAS OF GUILTY.
    A conviction of being a habitual offender may not be predicated
    upon a prior conviction based on a plea of guilty where the
    record of the plea-taking does not expressly indicate an intelli-
    gent waiver of the right to a trial by jury.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John W. Stanowski,* Assistant Prosecuting Attorney, for the people.

*Don Ferris,* for defendant.

Before: M. F. CAVANAGH, P.J., and R. M. MAHER and K. B. GLASER,* JJ.

PER CURIAM. Defendant was convicted by a jury of assault with intent to do great bodily harm less than murder, contrary to MCL 750.84; MSA 28.279. He was sentenced to from five to ten years in prison. Subsequently, defendant pled guilty to being a second-time felony offender, pursuant to MCL 769.10; MSA 28.1082 and MCL 769.13; MSA 28.1085. His prior sentence was vacated and a sentence of from 6 to 15 years in prison was imposed for the second-time felony offender conviction. Defendant appeals both convictions as of right.

Defendant's convictions arise from the stabbing of Michael Casey. The incident occurred on August 29, 1979, at an apartment shared by defendant and Ava Klebba. After consumption of beer and Valium tablets by defendant, Casey, and Klebba,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant suggested that the latter two dance. After several dances, Casey sat on the couch next to defendant, and Klebba went to the kitchen. Defendant suddenly struck Casey in the face with his fist and stabbed him in the neck with a knife. Despite profuse bleeding, Casey remained in the apartment overnight. In the morning, Klebba's mother took Casey to the hospital for medical treatment. Defendant denied that he stabbed Casey.

Defendant first claims that the trial court abused its discretion by denying his motion for a mistrial made after the following exchange took place during Casey's direct examination:

"*Q. [by Mr. Stanowski]:* Now when she had interceded and made the statements let, let you alone, what if anything did you say either to Bradley or Ava?

"*A.* Well, I told him, I said, I am bleeding, Miles. I says let me go to the hospital, man. He says no, I am going down, so he says you are going with me.

\* \* \*

"*The Court:* Ask what this witness thought he meant by this statement.

"*Mr. Stanowski:* All right.

"*Q. [by Mr. Stanowski, continuing]:* What was in your mind when he made that statement, if any?

"*A.* Well, I knew Miles was out on bond, and I thought, I had the impression that he was going up for, he would be tried for habitual criminal so—

"*Mr. Ferris:* Objection, your Honor."

Defendant claimed that the jury had been improperly exposed to his pending habitual offender charge. However, the trial court denied the motion finding that Casey's answer did not inform the jury that a supplemental information had been filed. Also, a curative instruction was given.

In the absence of an affirmative showing of prejudice, a denial of a motion for mistrial will not be reversed. *People v Jackson,* 100 Mich App 146, 159; 298 NW2d 694 (1980). The declaration of a mistrial in a criminal case rests within the sound discretion of the trial judge, and his determination will not be reversed absent an abuse of that discretion. *People v Kramer,* 103 Mich App 747, 757; 303 NW2d 880 (1981). While a defendant is prejudiced when the jury is advised that he is also being charged as a habitual offender, *People v Hatt,* 384 Mich 302, 307-309; 181 NW2d 912 (1970), such a disclosure was not made in the present case. The witness did not state that defendant was being, or had been, tried as a habitual offender. Rather, the remark regarding a possible habitual offender prosecution was a responsive answer to a legitimate question, *i.e.,* Casey stated his belief as to what defendant's statement meant. In any event, the cautionary instruction informed the jurors to disregard the answer and assured them that defendant was not being charged as a habitual offender. It should be noted that the jurors were aware that defendant had been imprisoned, as such was disclosed in defense counsel's opening argument. Thus, defendant has not made an affirmative showing of prejudice and there is no indication that the trial judge abused his discretion by denying the mistrial motion and giving the curative instruction. See *People v Yarbrough (On Remand) (On Rehearing),* 86 Mich App 105; 272 NW2d 345 (1978).

Defendant's next claim, that he was denied a fair trial as a result of prosecutorial misconduct, is unpersuasive. None of the questions or comments complained of were objected to by defendant and, although some were improper, we fail to find

manifest injustice. *Eisbrenner v Stanley,* 106 Mich App 357, 370-371; 308 NW2d 209 (1981).

Defendant's final claim of error concerns his plea-based conviction as a second-time felony offender. Defendant's prosecution as a habitual offender was grounded on February 15, 1960, convictions in the State of Indiana for burglary, robbery, and vehicle taking. At that time, he was 16 years old, waived jurisdiction to circuit court without counsel, and pled guilty to the three offenses while represented by counsel. Defendant attacks the validity of his plea-based second-time felony offender conviction by challenging the three prior convictions. Since defendant challenged the validity of the Indiana convictions in a motion to quash the supplemental information, the issue is properly before this Court. *People v Moore,* 391 Mich 426, 441-442; 216 NW2d 770 (1974); *People v Sanders,* 91 Mich App 737, 742; 283 NW2d 841 (1979); *People v Jones,* 83 Mich App 559, 568; 269 NW2d 224 (1978).

Defendant first contends that his prior convictions are constitutionally infirm because he was not represented by counsel at his juvenile waiver hearing. However, the right to counsel at a juvenile waiver or transfer proceeding was announced by the United States Supreme Court in *Kent v United States,* 383 US 541; 86 S Ct 1045; 16 L Ed 2d 84 (1966), and that right does not apply retroactively. *People v McGilmer,* 95 Mich App 577, 579-580; 291 NW2d 128 (1980). Thus, this is not a basis of error.

In addition, defendant claims that his Indiana convictions are invalid because he did not plead knowingly and voluntarily. It is clear that prior convictions, upon which a habitual criminal charge is based, can be challenged on the ground

that they were obtained in violation of the defendant's constitutional rights. *People v Stratton,* 13 Mich App 350, 359, fn 8; 164 NW2d 555 (1968); *People v McIntire,* 7 Mich App 133, 138-139; 151 NW2d 187 (1967). As a matter of federal constitutional law, "[t]he requirement that a plea of guilty must be intelligent and voluntary to be valid has long been recognized". *Brady v United States,* 397 US 742, 747, fn 4; 90 S Ct 1463; 25 L Ed 2d 747 (1970).

"Central to the plea and the foundation for entering judgment against the defendant is the defendant's admission in open court that he committed the acts charged in the indictment. He thus stands as a witness against himself and he is shielded by the Fifth Amendment from being compelled to do so—hence the minimum requirement that his plea be the voluntary expression of his own choice. But the plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial—a waiver of his right to trial before a jury or a judge. Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." (Footnotes omitted.) *Id.,* 748.

Also, *Adams v United States ex rel McCann,* 317 US 269, 275; 63 S Ct 236; 87 L Ed 268 (1942) (waiver of trial by jury must be free and intelligent); *Waley v Johnston,* 316 US 101, 104; 62 S Ct 964; 86 L Ed 1302 (1942) (plea must be voluntary and free of coercion); *Chambers v Florida,* 309 US 227, 228; 60 S Ct 472; 84 L Ed 716 (1940) (use of an improperly obtained confession constitutes a denial of due process of law); *Patton v United States,* 281 US 276, 312; 50 S Ct 253; 74 L Ed 854 (1930) (waiver of trial by jury must be express and intelligent); *Kercherval v United States,* 274 US 220,

223; 47 S Ct 582; 71 L Ed 1009 (1927) (to be voluntary, plea must be made after proper advice and with full understanding of the consequences); *People v Kedo,* 108 Mich App 310, 316; 310 NW2d 224 (1981) (the defendant must substantially admit his guilt and the plea must be voluntary and intelligent).

In this case, the arraignment transcript of defendant's plea-based convictions in Indiana indicates that his attorney claimed to have discussed the matter with defendant and advised him of his constitutional rights, although defendant stated only that his attorney had spoken to him. Next, the complaints charging defendant with burglary, robbery, and vehicle taking were read along with the applicable statutes and penalties. Then, defendant was asked if he understood the charges and penalties and he responded "yes". Finally, defendant was asked for his plea to each charge and he responded "guilty". Also, when asked whether he had been threatened or promised anything to plead guilty, defendant responded "no". Thus, although defendant's pleas may have been voluntary, he did not expressly and intelligently waive his constitutional right to a trial by jury. As a result, the pleas were invalid.

While we certainly cannot reverse the Indiana convictions, we will not permit the prior convictions to lengthen defendant's imprisonment for his present felony conviction. To hold otherwise would amount to a violation of due process of law. Accordingly, defendant's second-time felony offender conviction is set aside. The original sentence of five to ten years for assault with intent to do great bodily harm less than murder is reinstated.

Reversed in part and affirmed in part.