PEOPLE v KANOUSE

Docket No. 68278. Submitted August 16, 1983, at Grand Rapids.—
Decided January 3, 1984.

Wayne F. Kanouse was convicted of driving under the influence
of liquor, third offense, and of resisting arrest, Oceana Circuit
Court, Terrence R. Thomas, J. The defendant appealed alleging
that the trial court erred in: (1) denying defense counsel's
pretrial request for a continuance, (2) admitting certain opinion
and hearsay testimony, (3) admitting testimony of unindorsed
prosecution witnesses, and (4) permitting a previous plea-based
DUIL conviction where the defendant was not represented by
counsel to serve to enhance the defendant's sentence as a third-
time offender. *Held:*

1. The trial court did not err in denying the defendant's
motion for a continuance. The defendant has not demonstrated
any prejudice. Although the defendant requested a continuance
to interview certain witnesses, he has not shown that defense
counsel was not in fact able to interview the witnesses or that
the time remaining before the trial was not adequate to effec-
tively interview the witnesses.

2. Because the defendant did not object at the trial to the
testimony that he alleges on appeal was improper hearsay and
opinion, the Court of Appeals will not review such allegations
absent manifest injustice. Here, there is no manifest injustice
because the testimony was merely cumulative of other testi-
mony that was presented by the prosecution and because the
defendant himself admitted the facts involved in the testimony.

3. The trial court did not commit error requiring reversal in
admitting the testimony of the unindorsed witnesses. The de-

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 84.
  17 Am Jur 2d, Continuance § 3.
[2] 5 Am Jur 2d, Appeal and Error § 553.
  29 Am Jur 2d, Evidence § 494.
  30 Am Jur 2d, Evidence § 1103.
[3] 41 Am Jur 2d, Indictments and Informations § 60.
[4] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 8,
  9.

fendant alleged that prejudice resulted from the testimony because one of the witnesses testified that he had arrested the defendant for resisting arrest and, had defense counsel known about that testimony, he could have moved *in limine* to exclude any reference to that arrest. Defense counsel's not making a motion *in limine* was not prejudicial because defense counsel requested that the jury be instructed to disregard that testimony and the trial court so instructed.

4. The trial court did not err in permitting use of the defendant's prior misdemeanor conviction for enhancement purposes. In the context of a collateral attack on a prior conviction by way of appeal from a subsequent conviction enhanced by use of that prior conviction, the failure to advise the defendant of the right to appointed counsel at the prior proceeding is of no significance where the defendant was not in fact financially unable to retain counsel at the time of the prior proceeding. Where the defendant was not in fact indigent, the failure to advise of the right to appointed counsel did not prejudice the defendant by the loss of any right.

Affirmed.

1. CRIMINAL LAW — MOTIONS FOR CONTINUANCE.

A trial court's denial of a motion for a continuance in a criminal trial should not constitute error requiring reversal unless the defendant demonstrates prejudice from the trial court's abuse of discretion.

2. CRIMINAL LAW — APPEAL — OPINION TESTIMONY — HEARSAY.

The Court of Appeals should refuse to review a defendant's claim on appeal that certain testimony at the trial was inadmissible as opinion and hearsay where the defendant made no objection to the testimony at the trial and manifest injustice would not result from the refusal to review.

3. CRIMINAL LAW — INDORSEMENT OF WITNESSES — APPEAL.

Indorsement of the names of additional witnesses by a prosecutor following the filing of an information before or during a trial is within the discretion of a trial court and, on appeal, any error must be measured by the extent that a defendant's right to prepare for trial has been impaired by the exercise of such discretion (MCL 767.40; MSA 28.980).

4. CRIMINAL LAW — SENTENCE ENHANCEMENT — PRIOR CONVICTIONS — RIGHT TO APPOINTED COUNSEL — APPEAL.

A trial court's failure to advise a defendant of his right to appointed counsel if he was indigent at a prior proceeding

where the defendant was not in fact financially unable to retain counsel at the time of the prior proceeding is of no significance in the context of a collateral attack on a prior conviction by way of an appeal from a subsequent conviction enhanced by use of that prior conviction.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Anthony A. Monton,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

State Appellate Defender (by *Mardi Crawford),* for defendant on appeal.

Before: DANHOF, C.J., and MACKENZIE and M. E. DODGE,* JJ.

MACKENZIE, J. Defendant appeals as of right his jury conviction of driving under the influence of liquor (DUIL), third offense, MCL 257.625; MSA 9.2325, and of resisting arrest, MCL 750.479; MSA 28.747. Defendant's trial was comprised of two phases, with the jury first determining that defendant was guilty of the charged offenses of DUIL and resisting arrest, and secondly determining that this was defendant's third DUIL offense in the past ten years. See *People v Pipkin,* 93 Mich App 817, 820; 287 NW2d 352 (1979). With respect to the first phase, defendant claims that the court erred in denying defense counsel's pretrial request for a continuance, and contends that certain opinion and hearsay testimony was erroneously admitted. Regarding the second phase, defendant asserts that the court erred in admitting testimony of unindorsed prosecution witnesses, and in permitting a previous plea-based DUIL conviction where he was not represented by counsel to serve to enhance defendant's sentence as a third-time of-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

fender. We find no error requiring reversal and affirm defendant's conviction and sentence.

The denial of a motion for a continuance will not be found to constitute error requiring reversal unless the defendant demonstrates prejudice resulting from the trial court's abuse of discretion. *People v Wilson,* 397 Mich 76, 81; 243 NW2d 257 (1976). At the hearing on defendant's motion for a continuance, which was held three days before the trial, defense counsel requested a continuance in order to interview one indorsed prosecution witness whom counsel had not earlier had an opportunity to interview, and three other witnesses not previously indorsed whom counsel had just recently learned would be called to testify. At the hearing, the prosecutor indicated that he would make arrangements for defense counsel to interview these witnesses. Neither at the hearing on his motion for a new trial based partly on the denial of the continuance, nor in his brief on appeal, has defendant demonstrated any prejudice. Defendant has not shown that defense counsel was not in fact able to interview these witnesses or that the time remaining before trial was not adequate to effectively interview these witnesses in preparation for trial. Thus, we find no reversible error. *People v Hill,* 88 Mich App 50, 58; 276 NW2d 512 (1979).

At the first phase of the trial, two police officers who observed the arresting officer's appearance moments after defendant's arrest testified that it looked like the arresting officer had been in a fight. One of these officers also testified that the arresting officer told him that he had been in a fight. Defendant claims on appeal that this testimony constituted inadmissible opinion and hearsay testimony. Defendant made no objection to this

testimony at trial, and therefore, appellate review is precluded unless refusal to review would represent manifest injustice. *People v Provience,* 103 Mich App 69, 72; 302 NW2d 330 (1981), *lv den* 411 Mich 1058 (1981). We find no manifest injustice in the present case since this testimony was merely cumulative of other testimony presented by the prosecution and also because defendant, himself, admitted that he physically resisted being handcuffed by the arresting officer.

At the close of the first phase of the trial, defense counsel stated that he had just learned the previous day that the prosecutor intended at the second phase to present the testimony of two police officers who had each previously arrested defendant, which arrests had resulted in two prior DUIL convictions. Defense counsel moved that the officers' testimony be excluded on the ground that they were not indorsed. The trial court denied defendant's motion but did order the two police officers to remain after recess so that defense counsel could interview them. The record reflects that defense counsel interviewed these officers the evening before the second phase of the trial commenced. At the second phase, the prosecution introduced documentary proof of defendant's two previous DUIL convictions, and the testimony of the two officers to the effect that defendant was the person they had arrested.

We find no merit in defendant's contention that admission of the unindorsed officers' testimony constituted reversible error. We will assume without deciding that the prosecutor was required to indorse the two police officers as res gestae witnesses under MCL 767.40; MSA 28.980. Even so, any error must be measured by the extent to which the purpose of the indorsement require-

ment, to allow a defendant to adequately prepare for trial, was impaired. *People v Henry,* 101 Mich App 585, 588; 300 NW2d 639 (1981), *lv den* 411 Mich 886 (1981). The only prejudice which defendant has asserted on appeal is that the one officer testified that he arrested defendant not only for DUIL, but also for resisting arrest and that, if defense counsel had had an opportunity to learn of this prior arrest, counsel could have moved *in limine* to exclude any reference to the previous arrest for resisting arrest. Defense counsel did request that the jury be instructed to disregard this testimony, and the trial court so instructed. That defense counsel did not make a motion *in limine* was not prejudicial to defendant in light of the court's instruction to disregard and the fact that the jury had already determined defendant's guilt of the charged offense of resisting arrest in the first phase of the trial, and the only question to be resolved by the jury in the second phase was whether defendant had previously been convicted of DUIL. Because defense counsel was given an opportunity to interview the police officers, and because defendant has failed to show any prejudice by the admission of their testimony, reversal is unwarranted. See *People v Henry, supra.*

The final issue defendant raises on appeal is that the trial court erred in permitting evidence of a prior DUIL misdemeanor conviction where the defendant was not represented by counsel to be used as a basis for convicting and sentencing him as a third-time DUIL offender because defendant was not advised of the right to appointed counsel at that prior proceeding. Defendant was sentenced to two to five years for this third-time DUIL offense, which is a felony under MCL 257.625; MSA 9.2325. Defendant preserved this claim for

appellate review by raising this issue before the trial court in a post-trial motion. *People v Moore,* 391 Mich 426, 440; 216 NW2d 770 (1974); *People v Bradley,* 117 Mich App 776, 780; 324 NW2d 499 (1982). In *Baldasar v Illinois,* 446 US 222; 100 S Ct 1585; 64 L Ed 2d 169 (1980), the Court held that a prior misdemeanor conviction cannot be used to enhance the penalty and impose a sentence for a subsequent offense where the defendant at the prior misdemeanor proceeding was not represented by counsel and did not waive the right to counsel. A majority of the justices in *Baldasar* reasoned that, even if a prior misdemeanor conviction where a defendant was not represented by counsel is not in itself invalid under *Scott v Illinois,* 440 US 367; 99 S Ct 1158; 59 L Ed 2d 383 (1979), because no imprisonment was actually imposed and thus no right to counsel existed, still that prior conviction may not be used as a basis for imposing imprisonment upon a subsequent conviction.

In the present case, the challenged prior DUIL misdemeanor conviction was the result of a guilty plea by defendant. At the combined arraignment and plea-taking proceeding, defendant was advised by the court of his right to be represented by counsel, and defendant on the record stated that he understood and waived that right. Defendant was not, however, advised of his right to appointed counsel if indigent. We do not believe that defendant's waiver of representation by counsel is equivalent to a waiver of the right to appointed counsel if indigent, since the court never advised defendant of that right and defendant may have understood only that he could retain counsel if he so desired. See *People v Faulman,* 23 Mich App 635; 179 NW2d 207 (1970). Nevertheless, defen-

dant's prior misdemeanor conviction is subject to collateral attack only if defendant's constitutional rights were violated, see *People v Bradley, supra,* pp 780-782, and defendant's right to appointed counsel at the prior proceeding was violated only if defendant was in fact indigent at the time of that prior proceeding. Neither at the post-trial hearing before the trial court nor on appeal has defendant even asserted, much less demonstrated, that he was in fact indigent and thus entitled to appointed counsel at the prior proceeding.

We do not agree with defendant that the court's failure to advise him of his right to appointed counsel at the prior proceeding alone is sufficient to preclude use of evidence of that prior conviction for enhancement purposes, regardless of whether or not defendant was in fact indigent. Rather, we conclude that, in the context of a collateral attack on a prior conviction by way of appeal from a subsequent conviction enhanced by use of that prior conviction, the failure to advise of the right to appointed counsel at the prior proceeding is of no significance where the defendant was not in fact financially unable to retain counsel at the time of the prior proceeding. Where the defendant was not in fact indigent, the failure to advise of the right to appointed counsel did not prejudice the defendant by the loss of any right. Compare *People v Trudeau,* 51 Mich App 766, 768-771; 216 NW2d 450 (1974), *cert den* 419 US 868; 95 S Ct 125; 42 L Ed 2d 106 (1974). Thus, the court did not err in permitting use of defendant's prior misdemeanor conviction for enhancement purposes.

Affirmed.